By the Court:

Our opinion is, that Ellen M. Horsey, the widow of the testator, took under his will, in addition to the specific legacies bequeathed to her, the one-third part of his personal estate after the payment of his debts and funeral expenses, to be ascertained before deducting from the aggregate amount of it the specific and pecuniary legacies disposed of in his will; and that such was the intention of the testator. The first devise or bequest in his will is in these words : “ After my just debts and funeral expenses are paid, and my wife’s thirds are taken out, I give, devise and bequeath ” as follows in his will, and he then proceeds to dispose of the balance of his estate, both real and personal, as stated, and without recurring again to his wife, except with reference to a few particular articles afterwards specifically bequeathed to her. The only question that can arise in reading these words is, what was the meaning of the testator when he employed the terms, and after “ my wife’s thirds are taken out ?” What did he mean by his wife’s thirds ? Did he mean her third part of his real estate, to which she would be entitled under the dower act of 1816,' independent of the will, or her “ thirds ” in his real and personal estate, which a different law would have given her in case he had died intestate, after his just debts and funeral expenses and the costs of *440 settling his estate were deducted and paid? The words “ her thirds ” by themselves are vague and indefinite and mean nothing, unless we interpret them with reference to one or the other of these acts, for the testator must himself have had reference to one or the other of them when he used it; and if so, to which of them did he refer, in order to ascertain and determine his meaning ? In the case of Burton’s will, which was similar to this, at least in this.respect, the Court held the allusion of the testator to be to the latter, or the intestate law, in order to ascertain what he meant in that case by his “ wife’s lawful, part.” Burton v. Burton et al., 4 Harr. Rep. 38. So we think* in this case the reference is to the intestate law, which is the only law that allows a wife her thirds, literally speaking, out of her husband’s estate; that is to say, one-third of his' real and one-third of his personal estate after his debts, &c., are paid, when he leaves issue to survive him. Judgment must be given for the plaintiffs accordingly. , x
McFee, for the plaintiffs.
Moore, for the defendants.